I respectfully dissent from the majority holding for the reason that I believe that the driver of the truck was a servant or employee of the defendant. Article 163 of the Revised Civil Code defines servants as those: "* * * who let, hire or engage their services to another in this State, to be employed therein at any work, commerce or occupation whatever for the benefit of him who has contracted with them, for a certain price or retribution, or upon certain conditions."
I agree with the finding of fact in the majority opinion that Johnson had full control of his hours of employment and the details of how the logging and hauling operations should be conducted, yet the defendant *Page 478 
was consulted before timber was purchased and made payment direct to the landowner for the timber purchased. Johnson was employed by defendant to log and haul the timber cut from a specific tract at a specified price per thousand feet.
It could be fairly said, in the language of Article 163, that he had engaged in his services to another and was employed in the occupation of logging for the benefit of defendant. The fact that he was paid by the thousand feet instead of by the hour made it unnecessary for his employer to exercise control to his hours of work and the details of the logging and hauling operation.
In view of the above quoted article and the cases of Litton v. Natchitoches Oil Mill, Inc., et al., La. App., 195 So. 638 and Nesmith v. Reich Bros. et al., 203 La. 928, 14 So.2d 767, I believe that Johnson should be held to be an employee of defendant.